# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: KARMA CAPITAL, INC., <br><br> MARC AND TRISHA GATES, <br><br> Appellants, <br><br> vs. <br><br> SANTEE TROLLEY SQUARE 991, LP, et al. <br><br> Appellees. | CASE NO. 19cv1070-LAB (KSC) <br> [BANKRUPTCY NO. 19-01962-LA7] <br><br> **ORDER AFFIRMING BANKRUPTCY COURT'S MAY 23, 2019 ORDER** |

Appellants Marc and Trisha Gates appeal the Bankruptcy Court's May 23, 2019 Order on Motions to Convert Case under Chapter 11 to Case under Chapter 7. This Court has jurisdiction under 28 U.S.C. § 158 and affirms.

The parties are familiar with the facts, so the Court repeats only those necessary to explain this result. Appellants are the owners of Karma Capital, a company that operates several Greek restaurants in the San Diego area. In April 2019, Karma Capital filed for Chapter 11 bankruptcy, a decision that was driven primarily because the company "was facing eviction at six of its locations, and it needed time to try to negotiate with the landlords . . . ." *See* Appellants' Reply Brief, Dkt. 17, at 2. At hearings the following month, the bankruptcy court lifted the bankruptcy stay so that several of the landlord-creditors could pursue unlawful detainer actions against Karma Capital in state court. Seeing no point in continuing with the bankruptcy absent that stay, Karma Capital then

moved to dismiss its petition. The court denied that request and instead granted competing motions by the creditors to convert Karma Capital's petition from Chapter 11 to Chapter 7.

The question before the Court on appeal is a narrow one: Did the bankruptcy court deny Appellants due process when it declined to convert a noticed motion hearing into an evidentiary hearing before granting the motions to convert?[1] Here the answer is no.

When a bankruptcy court finds "cause," it is required to either convert a case from Chapter 11 to Chapter 7 or to dismiss the case, "whichever is in the best interests of the creditors and the estate." 11 U.S.C. § 1112(b)(1). Any party may request conversion, but the court must provide "notice and a hearing" prior to granting relief. *Id.* The definition of "notice and a hearing" is "flexible and sensitive to context" and means that "the court should give counsel a *meaningful* opportunity to be heard." *In re Rosson*, 545 F.3d 764, 775 (9th Cir. 2008) (emphasis in original). Nothing in the Bankruptcy Code requires that the conversion hearing be evidentiary. "When the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss [or convert] a Chapter 11 case for cause, the bankruptcy court may do so." *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1312 (2d Cir. 1997). "[A] full evidentiary hearing [i]s not required on a motion to convert where the debtors [a]re on notice that conversion [i]s being considered . . . ." *In re Winslow*, 123 B.R. 641, 645 (D. Colo.), *aff'd*, 949 F.2d 401 (10th Cir. 1991) (citing *In re Tiana Queen Motel, Inc.*, 749 F.2d 146, 150 (2d Cir. 1984).

Here, even without an evidentiary hearing, the record amply supported the bankruptcy court's decision to convert the case from Chapter 11 to Chapter 7. The Bankruptcy Code lays out 16 different circumstances that constitute "cause" for the purposes of conversion, *see* 11 U.S.C. § 1112(b)(4), and in this case the court found the

---

[1] Appellants purport to raise two issues on appeal: (1) whether the bankruptcy court denied them due process when it refused to hold an evidentiary hearing on their Motion to Dismiss and on the creditors' Motions to Convert, and (2) whether the bankruptcy court erred in refusing to accept exhibits and testimony at the hearing. These are different formulations of the same question, so the Court will take the two arguments together.

debtor's conduct implicated at least four of those. It found, for example, that the debtor had grossly mismanaged the estate by failing to pay rent at five of its seven operating locations and failed to meet the "basic obligations of a Chapter 11 [debtor in possession]." *Id.* § 1112(b)(4)(B). The debtor also allegedly violated its franchise agreements by continuing business operations while in unlawful detainer proceedings, exposing the estate to further legal claims and thereby diminishing the value of the estate. *Id.* § 1112(b)(4)(A). The debtor further failed to comply with multiple orders of the bankruptcy court and impermissibly used cash collateral to the detriment of its creditors. *Id.* §§ 1112(b)(4)(D), (E). Based on this record, the court did not need an evidentiary hearing to find that the case should be either dismissed or converted, and it did not abuse its discretion in determining that conversion was the appropriate remedy. *See In re Greenfield Drive Storage Park*, 207 B.R. 913, 916 (B.A.P. 9th Cir. 1997) ("The bankruptcy court is given wide discretion to convert a Chapter 11 case to Chapter 7 for cause, and an order for conversion is reviewed for an abuse of discretion.").

Largely conceding that cause existed to convert the case, Appellants instead argue that the court denied them due process by prohibiting them from putting on additional evidence during the conversion hearing. This argument fails because the evidence Appellants sought to introduce at the hearing was immaterial to the conversion issue. Throughout the bankruptcy, Karma Capital—who had purchased the restaurant franchise less than a year prior to filing for bankruptcy—was engaged in parallel litigation against the previous owner, MCOC, for fraud in connection with the sale. Appellants' demand for an evidentiary hearing before the bankruptcy court focused largely on those allegations of fraud. Among other things, Appellants sought to cross-examine Michael Nakhleh, a managing member of MCOC, regarding what they claimed were accounting discrepancies in his declaration. But as the court correctly pointed out, these issues were mostly irrelevant to the issue of conversion. The decision whether to convert a case focuses on "the best interest of the creditors," and here the only facts relevant to determining what was in the best interest of the creditors were that the debtor had failed

to pay rent, had failed to comply with court orders, had exposed the estate to potential legal liability, and had impermissibly used cash collateral. 11 U.S.C. § 1112(b)(1). Appellants' allegations of fraud, while relevant to their parallel suit against the previous owners, were irrelevant to the interests of its current creditors and to whether there was cause to convert the petition. *See* May 16, 2019 Hearing Transcript, ER 73 ("It is clear from looking at the record the court does not need additional testimony as to whether or not rent was or was not paid. . . . It doesn't take lengthy evidentiary hearings to determine whether rent was paid or not paid."). Because the evidence Appellants sought to introduce was largely irrelevant to the issues before the court, there was no due process violation in denying an evidentiary hearing.

To the extent Appellants argue the court granted conversion based on evidence submitted by MCOC that Appellants had no meaningful opportunity to rebut, that argument is belied by the record. The overriding concern of the court in deciding to convert rather than dismiss the case was the possibility that "if this case is dismissed, a free-for-all among the various creditors racing to get possession of their premises and enforce their judgments" would ensue. *See* May 15, 2019 Tentative Order, ER 15. The court also found that "a Ch[apter] 7 Trustee at least has the potential of being able to wind down, in an orderly fashion, the presently operating restaurants of the debtor which the principal, mired in state court litigation, will be unable to achieve." *Id.* Both of these findings are wholly unrelated to evidence submitted by MCOC. Even assuming for the sake of argument that Appellants should have been permitted to rebut tangential evidence submitted by MCOC, that is harmless error that had no effect on the ultimate outcome of the case.

Finally, Appellants were free to create whatever evidentiary record they wished to create *prior* to the hearing. At the May 9, 2019 status conference, the bankruptcy court considered the dismissal and conversion issues, ordered the parties to file formal motions, and set a follow-up hearing for May 16, 2019. When Appellants inquired as to whether this was to be an evidentiary hearing, the court responded, "May not. May not.

We'll just see. There's no particular reason to do that if there's a *prima facie* showing . . . . I don't need evidence from you." May 9, 2019 Hearing Transcript, ER 42. This put Appellants on notice that the hearing would not be evidentiary and that any evidence they wanted the court to consider should be submitted along with their formal motion. *See also* S.D. Cal. Local Bankruptcy Rule 9013-7(a)(1) ("Each motion and application must include a complete statement of the relief requested *and evidence as necessary supporting that relief* including, but not limited to, Declarations.") (emphasis added). Indeed, the record reflects that Appellants *did* submit an evidentiary affidavit and that the court read it prior to issuing its order. *See* May 16, 2019 Hearing Transcript, ER 60-61 ("[Counsel:] There was an affidavit made by my client, and it was timely filed and everything. The Court: I read it."). Given that Appellants had the opportunity to submit evidence in advance of the hearing, it can hardly be considered a due process violation for the court to limit the submission of further evidence at the hearing itself, especially where the record reflects that counsel was otherwise permitted to argue at length.

In short, the record supports the bankruptcy court's finding that conversion was appropriate under 11 U.S.C. § 1112(b)(1). An evidentiary hearing was not necessary to reach that conclusion, nor did the court deny Appellants due process when it denied their request for one. The Bankruptcy Court's May 23, 2019 Order on Motions to Convert Case under Chapter 11 to Case under Chapter 7 is **AFFIRMED**. The clerk is directed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

Dated: September 27, 2019

_____
**Honorable Larry Alan Burns**
Chief United States District Judge